# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                                      |   |                               |
|--------------------------------------|---|-------------------------------|
| ANNIE CLAY, <u>et al.</u>,           | ) |                               |
|                                      | ) |                               |
|     **Plaintiffs,** | ) |                               |
|                                      | ) |                               |
|     v.           | ) | Civil Action No. 09-1612 (RBW) |
|                                      | ) |                               |
| DISTRICT OF COLUMBIA, <u>et al.</u>, | ) |                               |
|                                      | ) |                               |
|     **Defendants.** | ) |                               |

## Memorandum Opinion

Plaintiff Annie Clay, on behalf of her granddaughter A.K., filed this action against the District of Columbia seeking injunctive relief and compensatory damages because of alleged violations of the Individuals with Disabilities Education Act ("IDEA"). Complaint ("Compl.") at 2. Currently before the Court is the Plaintiffs' Motion for Leave to Amend Complaint ("Pls.' Mot."), which was filed in response to the Defendants' Motion to Strike Plaintiffs' First Amended Complaint ("Defs.' Mot. to Strike"). For the reasons discussed below, the Court must grant the plaintiffs' motion and allow them leave to amend the complaint.

## I. Background

Plaintiff A.K. is a sixteen-year-old District of Columbia Public Schools System ("DCPS") student who was diagnosed in kindergarten with several language and learning disabilities. Compl. at 3, ¶ 2.[1] In the Spring of 2003, the DCPS transferred A.K. to the Rock Creek Academy and terminated the speech therapy she was receiving at her prior school. <u>Id.</u> at 5, ¶ 3. In August 2008, A.K. was once again transferred, this time to Oak Valley Center. <u>Id.</u> at 5, ¶ 4. While attending the Oak Valley Center, Ms. Clay contends that A.K.'s "very poor [r]eading comprehension skills greatly interfered with her ability to comprehend [t]enth [g]rade classroom

---

[1] Because of inconsistent paragraph numbering in the plaintiffs' complaint, citations to the original complaint will,

work." Id. at 5, ¶ 4. Consequently, on March 19, 2009, Ms. Clay filed a complaint with the DCPS Student Hearing Office (the "Hearing Office") requesting "compensatory educational services for A.K." Id. at 5 ¶ 5, 7 ¶ 9.

A hearing regarding the request was held on May 18, 2009. Id. at 13, ¶ 40. On May 28, 2009, the Hearing Office ruled against the plaintiffs and dismissed their complaint. Id. at 13-14, ¶ 45. Ms. Clay alleges that the hearing officer was not qualified for the position, violated her and A.K.'s rights provided by the IDEA, and denied their due process rights. Id. at 15, ¶¶ 50-53. As a result, the plaintiffs filed this action.

On October 16, 2009, the defendants filed Defendants' Motion to Dismiss ("Defs.' Mot.") for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Defs.' Mot. at 1. Five months later, on March 18, 2010, the plaintiffs amended their complaint by adding additional allegations and requesting additional relief. Plaintiffs' First Amended Complaint ("Am. Compl.") at 15-20 ¶¶ 52-76, 24-25 ¶¶ 92-96. The new complaint pleads additional facts supporting the plaintiffs' Fifth Amendment claim, alleging that the DCPS "has a custom or practice of violating the IDEA rights of parents and children who file due process complaints and adds a cause of action for deprivation of Plaintiffs' IDEA rights, under color of state law, in violation of Section 1983." Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Leave to Amend Their Complaint ("Pls.' Mem.") at 3-4. The defendants responded on March 24 by moving to strike the plaintiffs' amended complaint, asserting that it was "untimely" and filed without court authorization, and therefore not being in compliance with Federal Rule of Civil Procedure 15(a), "is prejudice[ial] to the [d]efendants." Memorandum of

---

where appropriate, refer to both the page and the paragraph number.

Points and Authorities in Support of Defendants' Motion to Strike Plaintiffs' First Amended Complaint ("Defs.' Mem.") at 3-5. As a result of the defendant's motion to strike, the plaintiffs now seek leave of the Court to amend their original Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Pls.' Mot. at 1.

## II. Analysis

Because more than twenty-one days elapsed between filing of the defendants' motion to dismiss and the attempt to file their amended complaint, they were not authorized to file it "as a [m]atter of [c]ourse." Fed. R. Civ. P. 15(a).[2] Therefore, the plaintiffs must obtain the consent of opposing counsel or leave of this Court to amend their complaint. Id. In deciding whether to permit the amendment, the Court is compelled to employ the liberal leave to filing policy of Rule 15(a)(2), as made clear by the Supreme Court in Foman v. Davis, 371 U.S. 178 (1962). Specifically, the liberal leave "mandate" of Federal Rule of Civil Procedure 15(a) requires that courts "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see also

---

[2] Rule 15 was amended on December 1, 2009. In its prior version, amendment as a matter of course was permissible until the filing of a responsive pleading, but under the new rule, there is a twenty-one day window to amend, as a matter of course, after a motion to dismiss under Rule 12(b) has been filed. Fed. R. Civ. P. 15(a)(1)(B). Because both the complaint and the defendants' motion to dismiss were filed prior to the December rule change, there is some question as to which version of Rule 15 should apply. The legislation implementing the procedures for amending the Federal Rules of Civil Procedure authorizes the Supreme Court to "fix the extent [to which] such rule shall apply to proceedings then pending." 28 U.S.C. § 2074(a) (2006). When Rule 15 was amended, the Supreme Court stated that the new rule would "govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." Order of Mar. 26, 2009, 2009 U.S. Order 17 (C.O. 17), available at http://www.supremecourt.gov/orders/courtorders/frcv09.pdf. Were this Court to hold that enforcing the new rule in this case would be unjust or impracticable, then the plaintiffs' amendment would be considered filed as a matter of course under the old rule as no responsive pleading has yet been filed. However, as the Court finds it judicially prudent to grant leave to amend even under the new rule, the Court declines to embark on such an analysis.

Foman, 371 U.S. at 182. The Supreme Court in Foman held that while a district court has discretion in deciding whether leave to amend should be granted, in making this assessment:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

Foman, 371 U.S. at 182.

The defendants assert that the request for leave to amend here should be denied on the grounds of futility, arguing that the paragraphs added in the amended complaint to clarify the plaintiffs' 42 U.S.C. § 1983 claims "merely present legal conclusions couched as factual allegations" and as a result fail to state valid claims worthy of leave to amend. Defendants' Opposition to Plaintiffs' Motion for Leave to Amend Complaint ("Defs.' Opp'n") at 4-5. In addition to their futility argument, the defendants contend that the five month delay between their motion to dismiss and the plaintiffs' attempt to amend constitutes undue delay and prejudice, both grounds for denying the plaintiffs' request for leave to amend their complaint. Id. at 8-9. Finally, the defendants suggest that the plaintiffs' conduct with respect to amending their complaint raises "the spectre of bad faith" and provides further grounds for the Court to deny the request. Id. at 10.

The plaintiffs, on the other hand, argue that Rule 15 "does not prescribe a time limit" for motions to amend, that the discovery process has yet to begin, and that the defendants have not yet filed an answer to the complaint. Pls.' Mem. at 4-5. The plaintiffs also assert that their amended complaint sufficiently states claims necessary to avoid being futile, and argue that the amendment explains and expands on the causes of actions included in their initial complaint. Id. at 2-4. As to the claim of bad faith, the plaintiffs deny the allegation and assert that their amended complaint

comports with existing case law.  Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Leave to File Their First Amended Complaint ("Pls.' Reply") at 8-9.

The factors outlined in Foman weigh in favor of permitting amendment of the complaint, particularly in light of the requirement that leave should freely be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2); Foman, 371 U.S. at 182 ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given' "); accord Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (noting that leave to amend is within the court's discretion, and that such discretion is abused if leave is denied absent sufficient reasons); Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004) (observing that the non-moving party generally bears the burden of persuading the court that it would be prejudiced by an amendment or that one of the other Foman factors applies).

The defendants' argument that allowing the amendment would cause undue delay is unconvincing.  Although, five months have elapsed, as previously discussed, Rule 15 presupposes a liberal policy of allowing leave to amend even in cases where some period of time has elapsed between the filing of the complaint and the request to amend.  Another member of this Court recently held that leave to amend should not be denied "solely on time elapsed between the filing of the complaint and the request for leave to amend." Appalachian Voices v. Chu, 262 F.R.D. 24, 27 (D.D.C. 2009) (citing Atchinson v. District of Columbia, 73 F.3d 418, 426 (D.C. Cir.1996)); see also Caribbean Broad Sys. v. Cable & Wireless PLC, 148 F.3d 1080, 1084 (D.C. Cir. 1998) (holding that absent prejudice or an event such as the running of the statute of limitations, leave should not be denied solely on the grounds of delay).  Indeed, leave to amend has been allowed even when two years elapsed between the filing of the initial complaint and the request for leave to

amend, so long as permitting the amendment was not prejudicial to the defendant. See, e.g., Harrison v. Rubin, 174 F.3d 249, 253 (D.C. Cir. 1999). Thus, because this litigation is still in its early stages, a five month delay is alone an insufficient reason to deny the plaintiffs' request for leave to amend.

More importantly, the additional information added to the amended complaint combined with the plaintiffs' decision not to proceed against two of the named defendants suggests good faith on their behalf. Furthermore, because this is the plaintiffs' first attempt to amend, and because of the substantive nature of the changes to the complaint, it does not appear that the request for leave is unworthy of the benefit of the liberal leave policy of Rule 15. The proposed amendment merely expands the plaintiffs' allegations prior to the filing of the defendants' answer or the initiation of discovery; it is therefore impossible to appreciate why denying the plaintiffs' request for leave to amend their complaint would be appropriate. Consequently, the Court is unable to find that the request is motivated by bad faith or dilatory intent.

The fourth Foman factor requires the court to examine whether the defendant would suffer undue prejudice if leave to amend is granted. Foman, 371 U.S. at 182. The defendants claim that Rule 15(a)(1)(B) renders "efforts to amend a Complaint more than 21 days after the filing of a dispositive motion presumptively unreasonable and prejudicial." Defs.' Mem. at 5. However, this argument contravenes the plain text of Rule 15(a)(2), which requires that leave be freely given, as well as the Supreme Court's emphasis in Foman that when "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182. While the defendants are correct that they should not be required to respond to a "constantly changing complaint," Defs.'

Opp'n at 9, a single amendment clarifying the plaintiffs' claims only five months into the litigation and prior to the initiation of discovery is hardly characterized accurately as a "constantly changing complaint," rendering the request for the amendment presumptively unreasonable and prejudicial, as the defendants allege. Moreover, it is neither apparent that the proposed amendment of the complaint will unduly delay this litigation nor complicate the process by overburdening the defendants with "expand[ed] . . . allegations beyond the scope of the initial complaint." Parish v. Frazier, 195 F.3d 761, 763 (5th Cir. 1999). Indeed, the proposed amendment holds the promise of curing the alleged defects the defendants asserted in their motions to dismiss.

The fifth and final reason a court may, with its limited discretion, deny a motion for leave to amend under Foman is if allowing the amendment would be futile. Foman, 371 U.S. at 182. The defendants claim that the additional facts and allegations added to the plaintiffs' amended complaint still fail to state a claim under 42 U.S.C. §1983 and would thus not survive a motion to dismiss. Defs.' Opp'n at 5-6. Where an amendment would not survive a motion to dismiss, a court may deny leave to amend based on futility. James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1994). It is the defendants, however, that bear the burden of persuading the Court that the plaintiffs' amendment would prove futile. Nwachukwu, 222 F.R.D. at 211. In this case, the plaintiffs' amended complaint omits two of the originally named individuals as defendants and provides more factual details in support of their allegations of a Fifth Amendment due process violation actionable under 42 U.S.C. § 1983. Am. Compl. at 1, 15-20 ¶¶ 52-76. The additional facts alleged constitute more than "legal conclusions couched as factual allegations," Defs.' Opp'n at 5, and by removing two of the defendants the plaintiffs' amended complaint would serve to, at least to some degree, simplify the litigation. Regardless of whether the plaintiffs' claims will

7

ultimately succeed or survive a motion to dismiss, the defendants have not met their burden of proving that the plaintiffs' claims are futile at this stage of the proceedings.

### III. Conclusion

Because none of the Foman factors weigh in favor of the defendants' arguments against permitting the plaintiffs to amend their Complaint, the Court is compelled to grant the plaintiffs leave to file it. See Foman, 371 U.S. at 182 ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"). Accordingly, the Clerk of the Court is instructed to accept for filing forthwith the plaintiffs' Amended Complaint, the Court having decided that their motion for leave to amend must be granted. As a result of this ruling, the defendants' pending motion to dismiss must be denied without prejudice.[3]

REGGIE B. WALTON
United States District Judge

---

[3] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.