UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNIE CLAY, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br><br>        Defendant. | Civil Action No. 09-1612 (BAH) (DAR) |

**MEMORANDUM OPINION**

This case is a civil action to enforce rights under the Individuals with Disabilities Education Act ("IDEA"), as amended, 20 U.S.C. §§ 1400 *et seq.*, as well as under the Fifth Amendment's due process clause. Compl. at 1. Congress enacted the IDEA "to ensure that all children with disabilities have available to them a free appropriate public Education [('FAPE')] that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." *Petties ex rel. Martin v. District of Columbia*, No. 10-7149, 2011 WL 6004534, at *1 (D.C. Cir. Dec. 2, 2011) (quoting 20 U.S.C. § 1400(d)(1)(A)). The defendant in this case, the District of Columbia, filed a partial motion to dismiss, which the Court referred to a Magistrate Judge for a Report and Recommendation. Presently before the Court are the plaintiffs' objections to the Report and Recommendation dated September 9, 2011 of Magistrate Judge Deborah A. Robinson, ECF No. 29 (the "Report"), as well as the plaintiffs' motion to treat certain allegations in the Amended Complaint as admitted, ECF No. 24. For the reasons explained below, the Court will accept and adopt the Magistrate Judge's recommendations, with the clarifications and

1

modifications explained in this Memorandum Opinion, and will grant the defendant's partial motion to dismiss. In addition, the Court will deny the plaintiffs' motion to treat certain allegations in the Amended Complaint as admitted.

## I. DEFENDANT'S PARTIAL MOTION TO DISMISS

### A. Background

Magistrate Judge Robinson has described the background of this case in the Report. *See* Report at 1-5. The Court will therefore provide only a brief overview of the relevant facts. On August 25, 2009, Plaintiff Annie Clay, "[i]n her own right" and on behalf of her granddaughter, commenced this civil action against the District of Columbia to enforce rights under the IDEA and the Fifth Amendment due process cause. Report at 1. The plaintiffs filed an Amended Complaint with leave of court on September 30, 2010.[1] *Id.*; ECF No. 18, Am. Compl. In the Amended Complaint, the plaintiffs "seek reversal of a Hearing Officer's Determination (HOD) issued May 28, 2009, which denied them [their rights under IDEA and the Fifth Amendment] in violation of 20 U.S.C. §§ 1415(b)(6), 1415(b)(7), 1415(c)(2), 1415(f), 1415(h) and the Fifth Amendment." Report at 3. Plaintiffs "seek damages and injunctive relief for Defendant['s] violation of Plaintiff's Fifth Amendment and IDEA rights in violation of 42 U.S.C. § 1983." *Id.* The plaintiffs' Fifth Amendment and Section 1983 claims are based on allegations that the District violated the plaintiffs' IDEA and due process rights, *inter alia*, because the attorney who represented the District in the IDEA administrative proceeding filed a late and deficient response to the plaintiffs' complaint and a late notice of insufficiency and

---

[1] The plaintiffs had previously filed an amended complaint, apparently without leave of court, on March 18, 2010. *See* Report at 2-3; ECF No. 10, "First Amended Complaint." Thus, there is some confusion over whether the operative, September 30, 2010 complaint, ECF No. 18, is a "first" or "second" amended complaint. *See* Pls.' Objections to the Report and Recommendations of the Magistrate Judge, ECF No. 30, at 2.

motion to dismiss, and because the hearing officer dismissed the plaintiffs' complaint at the administrative hearing.  Am. Compl. ¶¶ 58-72.

The District of Columbia has filed a partial motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Report at 4.  Pursuant to Rule 12(b)(1), the District seeks to dismiss for lack of subject matter jurisdiction (1) the plaintiffs' IDEA claims involving school years "2003-2006" as barred by the statute of limitations,[2] and (2) the plaintiffs' Fifth Amendment and Section 1983 claims for failure to exhaust administrative remedies.  *Id.*  The partial motion to dismiss also seeks to dismiss the Fifth Amendment and Section 1983 claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *Id.*

In the Report and Recommendation issued on September 9, 2011, the Magistrate Judge recommended dismissing the plaintiffs' claims involving school years "2003-2006" as barred by the statute of limitations.  *Id.* at 8-11.  The Magistrate Judge also recommended that the plaintiffs' Fifth Amendment and Section 1983 claims be dismissed for failure to state a claim upon which relief can be granted.  *Id.* at 11-15.

On September 23, 2011, the plaintiffs filed five objections to the Magistrate Judge's Report and Recommendation.[3]  *See* Pls.' Objections to the Report and Recommendations of the Magistrate Judge ("Pls.' Obj."), ECF No. 30.  The District has

---

[2] There is confusion over the designation of different school years in the partial motion to dismiss and in the Report.  The Court addresses that issue in detail below.

[3] "Rule 72(b) of the Federal Rules of Civil Procedure authorizes the referral of dispositive motions to a magistrate judge for a report and recommendation." *Ascom Hasler Mailing Sys., Inc. v. U.S. Postal Serv.*, Nos. 00-1401, 00-2089, 2011 WL 4526034, at *1 (D.D.C. Sept. 30, 2011).  "When a party files written objections to any part of the magistrate judge's recommendation, the Court considers *de novo* those portions of the recommendation to which objections have been made, and 'may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)).

responded to the objections. Def.'s Resp. to Pls.' Objections to the Report and Recommendations of the Magistrate Judge ("Def.'s Resp."), ECF No. 31.

For the reasons explained below, the Court adopts the Magistrate Judge's recommendations, with the modifications and clarifications reflected in this Memorandum Opinion, and grants the partial motion to dismiss.

### B. The Plaintiffs' Objections

#### 1. Objection Regarding The Designation Of The Complaint

The plaintiffs' first objection concerns whether the operative Complaint in this action, ECF No. 18, should be termed a "first" amended complaint or a "second" amended complaint. The plaintiffs object to parts of the Report that refer to the document as a "second" amended complaint, since the plaintiffs contend that they have only amended their complaint once, despite the procedural confusion that accompanied the amendment. *See supra* n.1. This objection lacks legal significance. The Report has clearly identified the relevant version of the Complaint. Accordingly, this objection does not provide any basis for rejecting the Report's conclusions.

#### 2. Objection Regarding The Designation Of School Years

The plaintiffs' second objection concerns the way the Report and the partial motion to dismiss have designated different school years for statute of limitations purposes. IDEA contains a two-year statute of limitations, *see* 20 U.S.C. § 1415(b)(6)(B), (f)(3)(c), and the plaintiff filed the administrative claim underlying this case on March 19, 2009. Mem. in Supp. of Def.'s Mot. for Partial Dismissal of the Am. Compl., ECF No. 19, ("Def.'s Mot. to Dismiss Mem.") at 7. Thus, the date occurring two years prior to the claim was March 19, 2007. The Report recommended that the

"Defendant's motion to dismiss Plaintiffs' IDEA claim for school years 2003-2006 be granted." Report at 11.  At the same time, the Report stated that it "makes no finding . . . with respect to any claims regarding the 2006-2007 school year, since the Defendant did not move to dismiss Plaintiffs' IDEA claims concerning the 2006-2007 school year." *Id.* The plaintiffs point out, correctly, that this section of the Report uses potentially misleading nomenclature to address the relevant school years.  The plaintiffs contend, and the Court agrees, that it is clear from the Defendant's motion to dismiss that the Defendant did originally intend to seek dismissal of claims for the entirety of the 2006-2007 school year.  *See* Def.'s Mot. to Dismiss Mem. at 7 ("[A]ny claims prior to the 2007-08 school year are barred by the IDEA's two-year limitations period.").

The defendant's response to the plaintiffs' instant objection now appears to concede that the plaintiff may have timely claims that originated during the latter part of the 2006-2007 school year, after the March 19, 2007 bar date.  *See* Def.'s Resp. at 2. Thus, the defendant states that "Plaintiffs' objections in this regard are moot."  *Id.*  The defendant therefore appears to have responded to the plaintiffs' objection to the Report by narrowing the original grounds of its partial motion to dismiss in a manner consistent with the recommendation and the understanding of the Magistrate Judge.  In other words, the defendant's motion, which originally sought to dismiss all claims prior to the 2007-2008 school year, now seeks only to dismiss all claims prior to the 2006-2007 school year, as recommended by the Magistrate Judge.  In accordance with this understanding, the Magistrate Judge's recommendation to dismiss all claims prior to the 2006-2007 school year is accepted and those claims will be dismissed.

The plaintiff asserts that claims arising at any point during the 2006-2007 school year should be deemed timely, despite the fact that September 2006 through early March 2007 falls outside the limitations period. No authority for this argument of stretching the IDEA limitations period is cited by either party, however. *See* Report at 10 n.4. In any event, whether the entire 2006-2007 school year is covered or just the final few months is of little practical import. The defendant's compliance with IDEA will be evaluated as of the March 19, 2007 bar date and the minor child's needs on that date will be cumulative of the entire year.

### 3. Objections Regarding Dismissal of the Fifth Amendment and Section 1983 Claims

The plaintiffs' third and fourth objections are that the Magistrate Judge improperly dismissed the Fifth Amendment and Section 1983 claims asserted in Counts VI and VII of the Amended Complaint. The claim in Count VI asserts that the Hearing Office, District of Columbia Public Schools, the Office of the State Superintendent of Education, and the District of Columbia violated the Fifth Amendment and Section 1983 "by depriving [the plaintiffs] of their claim for adjudication of their administrative complaint, without due process of law" and that these entities have a "custom or practice" of doing so. Am. Compl. ¶¶ 91-93. The claim in Count VII asserts that the same entities deprived the plaintiffs of their rights under IDEA, in violation of Section 1983, and that they have "custom or practice" of doing so. *Id.* ¶¶ 95-96.

The Magistrate Judge dismissed these claims because she found, *inter alia*, that the plaintiffs' claims are essentially for injuries under the IDEA and that the remedial scheme of the IDEA provides appropriate avenues for relief. Report at 14-15.

### a.        Plaintiffs' Section 1983 Claim for IDEA Violations

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.  The question of whether, and under what circumstances, an individual may bring a Section 1983 claim premised upon a violation of IDEA has yet to be decided by the Court of Appeals in this Circuit.  *See DL v. District of Columbia*, 730 F. Supp. 2d 84, 90 (D.D.C. 2010) (hereinafter, "*DL I*") (citing *Blackman v. District of Columbia*, 456 F.3d 167, 172 n.6 (D.C. Cir. 2006) ("We have not yet decided whether a section 1983 action can be brought to enforce the FAPE right. . . . Because none of the parties addresses the issue here, we save it for another day. . . .")).

Some courts in this District have held that plaintiffs may not sue under Section 1983 to enforce the IDEA because the IDEA itself is a comprehensive remedial scheme. *See id.* at 89-90 ("Plaintiffs do not have a right to sue under § 1983 to enforce the IDEA. . . . Congress did not intend relief under the IDEA to coexist with relief under § 1983."); *Alston v. District of Columbia*, 561 F. Supp. 2d 29, 46 (D.D.C. 2008) (dismissing Section 1983 claim where "the plaintiff's claims are essentially for injuries under the IDEA" and "the plaintiff has alleged no violations of federal rights for which there is not an existing, comprehensive remedial scheme").

Other courts in this District have held that plaintiffs may sue to enforce the IDEA under Section 1983 in certain narrow circumstances. In *Walker v. District of Columbia*, the court set forth a four-part test for stating a Section 1983 claim premised upon violation of the IDEA. 157 F. Supp. 2d 11, 30-31 (D.D.C. 2001). This test requires plaintiffs to show:

> (1) that the defendant violated IDEA; (2) that "exceptional circumstances" exist, such that the defendant's conduct that caused the IDEA violation was persistently egregious and prevented or frustrated the plaintiff from securing equitable relief under the IDEA; (3) "that the District of Columbia has a custom or practice that is the moving force behind the alleged IDEA violations"; and (4) that the normal remedies offered under the IDEA, including compensatory education, are inadequate to compensate the plaintiff for the harm he or she allegedly suffered.

*Hinson ex rel. N.H. v. Merritt Educ. Ctr.*, 521 F. Supp. 2d 22, 28 (D.D.C. 2007) (citing *Walker*, 157 F. Supp. 3d at 30). Alternatively, some courts in this district only require plaintiffs to show the first and the third prongs of the *Walker* test. *Id.* (citing *R.S. v. District of Columbia*, 292 F. Supp. 2d 23, 28 (D.D.C. 2003)). The Magistrate Judge, applying the *Walker* test, found that the plaintiffs' allegations failed to satisfy the second, third, and fourth prongs of the test. Report at 13.

In their objections, the plaintiffs suggest that the Magistrate Judge should have applied a modified version of the *Walker* test because the plaintiff has alleged procedural violations of IDEA's hearing requirements, not just the denial of the right to free and appropriate public education. Pls.' Obj. at 16-17. Specifically, the plaintiffs argue that the *Walker* test, which was "designed to apply to denials of FAPE, if it applies at all, clearly requires some modification when applied to denials of a child's right to a due process hearing" and associated procedural rights. *Id.* at 17. The plaintiffs do not cite any case law for this view and the Court declines to adopt it. The *Walker* test does not

8

distinguish between procedural and substantive violations of IDEA and, in any event, the procedural safeguards of the IDEA exist to promote the statute's substantive ends.

In the alternative, the plaintiffs argue that the Magistrate Judge improperly determined that the Amended Complaint failed to satisfy the *Walker* test. The Magistrate Judge found that the Amended Complaint does not establish "(2) any 'persistently egregious' conduct by the defendant, or to any other 'exceptional circumstances'; (3) any 'custom or practice' of the District of Columbia, or (4) any inadequacy of the remedies provided by IDEA's comprehensive remedial scheme." Report at 13. To the extent that the Amended Complaint does allege an improper "custom or practice," the Report found these allegations to be conclusory. *See id.* at 14 & 14 n.7. The Court notes that some of the plaintiffs' allegations relating to the deficient customs and practices of the defendant are premised upon judicial admonitions contained in prior district court opinions. *See* Am. Compl. ¶ 68 ("Since this Court's decision in *Massey v. D.C.*, 400 F. Supp. 2d 66 (D.D.C. 2005), members of this Court, across a series of decisions, have decried DC's repeated violation of IDEA's Response requirements . . .").

The plaintiffs' Amended Complaint does allege various procedural flaws in the disposition of the plaintiffs' administrative complaint. The Court agrees, however, that the Amended Complaint does not present the type of exceptional circumstances necessary to trigger Section 1983 liability for an IDEA violation under *Walker*.[4] *See Hinson*, 521 F. Supp. 2d at 28 (dismissing Section 1983 claim asserted as part of IDEA suit since plaintiffs "do not allege any exceptional circumstances or demonstrate why the normal remedies offered under the IDEA are inadequate to compensate [the minor child]

---

[4] Having decided that the plaintiffs' allegations do not state a Section 1983 claim for relief under *Walker*, the Court need not resolve the question of whether the IDEA precludes suits under Section 1983 entirely, since the plaintiffs' claim would fail under either approach.

for the harm he allegedly suffered."). Moreover, the Court finds that IDEA can provide adequate relief to the plaintiffs. The IDEA affords the Court broad discretion in fashioning appropriate relief. *See* 20 U.S.C. § 1415(i)(2)(C)(iii); *Reid ex rel. Reid v. District of Columbia*, 401 F.3d 516, 522 (D.C. Cir. 2005) (noting that the Supreme Court has explained that courts' powers to fashion "appropriate relief" under IDEA entail "broad discretion" and implicate "equitable considerations.") (quoting *Florence County Sch. Dist. Four v. Carter*, 510 U.S. 7, 15-16, (1993)). Here, the plaintiffs have requested reversal of the hearing order dismissing the plaintiffs' complaint, injunctive relief, compensatory relief and damages, and attorneys' fees. Compl. at 25. If the Court determines that relief is warranted in this case, the Court has the power under the IDEA to award all the relief the plaintiff has requested, with the exception of the unexplained claim for compensatory damages. *See, e.g., Gorman v. District of Columbia*, No. 11-150, 2011 WL 5330786, at *1 (D.D.C. Nov. 4, 2011) (noting that the IDEA gives courts authority to award attorney's fees for both the civil litigation and the underlying administrative proceeding); *DL v. District of Columbia*, No. 05-1437, 2011 WL 5555877, at *21-26 (D.D.C. Nov. 16, 2011) (hereinafter, "*DL II*") (awarding injunctive relief under the IDEA); *see also Alston*, 561 F. Supp. 2d at 46 ("The remedial scheme of the IDEA provides for appeal of the Hearing Officer's determination, injunctive relief and awards of compensatory education and attorney's fees."). Therefore, the plaintiffs' Section 1983 claim for violation of the IDEA will be dismissed.

      **b.**     **Plaintiffs' Section 1983 Claim for Violation of Due Process**

The plaintiffs also object to the Report's recommendation of dismissal of their Section 1983 claim asserting a violation of due process under the Fifth Amendment.

"The IDEA's comprehensive enforcement scheme does not preclude suit under § 1983 to enforce any constitutional rights." *DL I*, 730 F. Supp. 2d at 93.  Therefore, the IDEA itself does not bar the plaintiffs' due process claims.  *Id.*

To impose liability on the District of Columbia for a constitutional violation under 42 U.S.C. § 1983, "a plaintiff must show not only a violation of his rights under the Constitution, but also that the District's custom or policy caused the violation." *Cohen v. District of Columbia*, 744 F. Supp. 2d 236, 247 (D.D.C. 2010) (citing *Feirson v. District of Columbia*, 506 F.3d 1063, 1066 (D.C. Cir. 2007)); *see also Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)).  "There are four basic categories of municipal action Plaintiff may rely on to establish municipal liability: (1) express municipal policy; (2) adoption by municipal policymakers; (3) custom or usage; and (4) deliberate indifference." *Hunter v. District of Columbia*, No. 08-303, 2011 WL 5529857, at *5 (D.D.C. Nov. 15, 2011) (citing *Monell*, 436 U.S. at 690-94); *see also Baker*, 326 F.3d at 1306-07.  "A single incident [of violation] is insufficient to impose liability against the District." *Cohen*, 744 F. Supp. 2d at 247 (citing *Monell*, 436 U.S. at 694).

The plaintiffs argue that a different standard applies.  According to the plaintiffs, "in order to state a claim for a Fifth Amendment due process claim pursuant to Section 1983," a plaintiff must only "(1) identify a property or liberty interest protected by the due process clause; and (2) allege facts showing that he was deprived of that interest without appropriate procedural protections."  Pls.' Obj. at 5 (citing *Atherton v. District of Columbia*, 567 F.3d 672, 689 (D.C. Cir. 2009)).  The plaintiffs' reliance on this standard from the D.C. Circuit's opinion in *Atherton* is misplaced because the portion of *Atherton*

11

cited by the plaintiffs involved claims against individual government officials. *See Atherton*, 567 F.3d at 689. The only defendant in this action is the District of Columbia. *See* Am. Compl. As discussed above, in a Section 1983 suit for constitutional claims against the District of Columbia, the Supreme Court's ruling in *Monell* requires that the plaintiff show that the alleged constitutional harm resulted from the District's custom or policy. *Cohen*, 744 F. Supp. 2d at 247. Indeed, the D.C. Circuit confirmed this rule in *Atherton* itself, when it affirmed the dismissal of the plaintiff's Section 1983 claims against the District of Columbia in that case. *Atherton*, 567 F.3d at 691 ("Under § 1983[,] a municipality is liable . . . only for constitutional torts arising from 'action pursuant to official municipal policy.'") (quoting *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997) and *Monell*, 436 U.S. at 691 (1978)); *see also id*. (affirming dismissal of claim against the District because "[t]he facts alleged by Atherton do not support an inference of a course the city's 'policymakers consciously chose to pursue.'") (quoting *Triplett,* 108 F.3d at 1453); *see also Hinson*, 521 F. Supp. 2d at 32 (dismissing Fifth Amendment claim in IDEA case where "Plaintiffs' Complaint does not allege facts which, if taken as true, would demonstrate that [the child] may have been deprived of procedural due process.").

   The Magistrate Judge recommended dismissing the plaintiffs' Section 1983 claim asserting violation of the Fifth Amendment because she found that the allegations supporting that claim were "[legal] conclusions cloaked as fact, and cannot be regarded as a basis upon which to find that Plaintiffs have stated a Fifth Amendment or Section 1983 claim upon which relief can be granted." Report at 14. While the Report is not entirely explicit on this point, the Magistrate Judge evidently recommended dismissing

the Section 1983 claim because she determined the plaintiff had failed adequately to allege facts establishing that any due process violation resulted from a District "custom or policy." *See* Report at 14 n.7.

This Court agrees. Even assuming, *arguendo*, that a due process violation occurred, the Amended Complaint does not adequately allege that any violation resulted from a District custom or policy. The Amended Complaint states that "[D.C. Public Schools] has a custom or practice of violating IDEA's Response and Notice requirements and of denying parents and students who file due process complaints of their rights to IDEA's due process hearing procedural protections and their right to bring any complaint to the DCPS Student Hearing Office, in violation of 42 U.S.C. § 1983." Am. Compl. ¶ 72. More specifically, the Amended Complaint alleges that the particular Assistant Attorney General involved in the administrative proceeding in this case filed a late response, notice of insufficiency, and motion to dismiss and committed other procedural violations of the IDEA, and that this attorney has also done so in other cases. *Id.* ¶¶ 58-60; 68-72. The Amended Complaint states that "[a]pproximately 139 . . . [published] Hearing Officer's Determinations . . . involved cases in which DCPS was represented by the same Assistant Attorney General (AAG) who represented DCPS in Plaintiff's' administrative action," but the pleading does not allege that this AAG filed late responses or notices in all of these cases, nor does it specifically allege that any other claimants were denied due process or otherwise harmed. *See id.* Instead, the Amended Complaint concludes that this "pattern of conduct increases the likelihood that parents will be taken by surprise at due process hearings and that DCPS will succeed in its attempts to deprive parents and children of their right to adjudication of their claim, without due process of

law." *Id.* ¶ 61.  Similarly, the Amended Complaint states that there is a custom or practice of filing deficient responses to IDEA administrative complaints. *Id.* ¶¶ 68-74. The Amended Complaint states that "DCPS' Response to Plaintiffs' due process complaint did not contain the information required by IDEA," *id.* ¶ 67, although the pleading does not specify precisely what information was missing, what information is routinely not disclosed as part of a District custom or practice, or how this omission denied the plaintiff due process.

      The Court finds that these allegations fall short of stating a claim for relief under the Fifth Amendment and Section 1983.  The complaint must plead facts that are more than "merely consistent with" a defendant's liability; "the plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  The plaintiffs here have not pled facts that would show that any due process violation, assuming that one occurred, resulted from "a course the city's 'policymakers consciously chose to pursue.'" *Atherton*, 567 F.3d at 691 (quoting *Triplett,* 108 F.3d at 1453). Indeed, to the contrary, the crux of the plaintiffs' allegations focuses on the actions of a single attorney for the District.  The Supreme Court's decision in *Monell* precludes a municipality's Section 1983 liability for such individualized actions. *See Triplett,* 108 F.3d at 1453 ("'If the mere exercise of discretion by an employee could give rise to a constitutional violation, the result would be . . . *respondeat superior* liability,' which *Monell* had rejected.") (quoting *St. Louis v. Praprotnik*, 485 U.S. 112 (1988) (O'Connor, J., plurality opinion)).  The plaintiffs also attempt to rely on a "deliberate indifference" theory of municipal liability, *see, e.g.,* Am. Compl. ¶ 74, but the Court rejects this theory

because the plaintiffs have not pled sufficient facts to demonstrate, from an objective perspective, that the District "knew or should have known of the risk of constitutional violations" arising from the facts alleged in the Complaint. *Baker*, 326 F.3d at 1307.

Since the plaintiffs have not adequately alleged facts supporting the "custom or policy" element under *Monell*, their Section 1983 Claim based on alleged violation of the Due Process Clause of the Fifth Amendment will be dismissed.

### 4.     Objection Regarding Exhaustion of Administrative Remedies

The plaintiffs' final objection relates to the plaintiffs' arguments affirming that they exhausted their administrative remedies for their Section 1983 and Fifth Amendment claims. Pls.' Obj. at 20-21. The Magistrate Judge did not reach this issue in the Report, Report at 15 n.9., and this Court need not reach this issue either because the plaintiffs' Section 1983 and Fifth Amendment claims will be dismissed for the reasons discussed above. Insofar as the plaintiffs, in their objections, also assert that they exhausted all available administrative remedies for Counts I and II of the Complaint, which allege substantive violations of the IDEA and denial of FAPE, the Court need not address those arguments either because the partial motion to dismiss is not directed at Counts I and II, except with respect to the statute of limitations issue discussed above.

The Court now turns to the plaintiffs' motion regarding the sufficiency of the defendant's Answer to the Amended Complaint.

## II.    PLAINTIFFS' MOTION TO TREAT ALLEGATIONS AS ADMITTED

The plaintiffs filed the Amended Complaint in this action on September 30, 2010 and the defendant filed its Answer on May 5, 2011, pursuant to an order issued by the Magistrate Judge. *See* ECF Nos. 18, 23; Minute Order dated May 3, 2011 (Robinson,

M.J.).  On May 25, 2011, the plaintiffs filed a motion to treat certain allegations in the Amended Complaint as admitted because the plaintiffs contend that the defendant's Answer "pervasively violates the requirements of Rule 8(b) of the Federal Rules of Civil Procedure."  Mem. in Supp. of Pls.' Mot. to Treat Allegations in Pls.' First Am. Compl. as Admitted, or, in the alternative, to Strike Def.'s Answer to Pls.' First Am. Compl., ECF No. 24 ("Pl.'s Rule 8(b) Mem.") at 2.  The plaintiffs argue that the defendant "averred that it could not respond [to certain allegations in 32 paragraphs of the Amended Complaint] because it lacked knowledge or information of the facts," when, in actuality, "[a]ll the information necessary to admit or deny the allegations . . . ha[s] been known to Defendant or under its authority or control since August 2009, at latest."  *Id.* at 4.  Accordingly, the plaintiffs ask the Court to treat all of these allegations as admitted pursuant to Federal Rule of Civil Procedure 8(b)(6).  *See* Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

The defendant opposes the plaintiffs' motion and has stated that it averred that it did not have sufficient information or knowledge to respond to certain allegations largely because "Defendant's counsel has requested, but not yet received, a complete copy of the underlying administrative record" in this case.  Def.'s Opp'n to Pls.' Mot. to Treat Allegations in Pls.' First Am. Compl. as Admitted, ECF No. 26 ("Def.'s Rule 8(b) Opp'n") at 4.  In many instances, the defendant's responses in the Answer itself indicated that the defendant would be able to provide a more thorough response upon review of the administrative record.  *See, e.g.,* Answer at 3, ¶ 3 ("The Defendant lacks knowledge and information sufficient to enable it to respond to the speech therapy services A.K. received

16

from 2003-2008 because it does not yet have a complete copy of the administrative record.").

In responding to the allegations of a complaint, "a party 'may not deny sufficient information or knowledge with impunity, but is subject to the requirements of honesty in pleading. An averment will be deemed admitted when the matter is obviously one as to which a defendant has knowledge or information." *Djourabchi v. Self*, 240 F.R.D. 5, 12 (D.D.C. 2006) (quoting *David v. Crompton & Knowles Corp.*, 58 F.R.D. 444, 446 (E.D. Pa. 1973)). While it is true that the District would be expected to have knowledge, for example, of its actions in the administrative proceeding underlying this case, courts generally resort to the sanction of deeming an allegation as admitted where there is bad faith or evasive pleading. *See* 5 Charles Alan Wright, Arthur R. Miller, *et al.*, Fed. Prac. & Proc., § 1262 (3d ed.) (hereinafter, "Wright & Miller") ("[I]f the court finds . . . that the party intends to make the pleading evasive, the court may strike the relevant portion of the pleading, or treat the allegation as ineffective as a denial . . . However, if knowledge of a fact cannot be ascertained within the time the party is given to answer with a modest expenditure of effort, a denial of knowledge or information is appropriate . . . ."). In *Djourabchi v. Self*, the chief case relied upon by the plaintiffs, the defendant was a general contractor who denied knowledge or information sufficient to respond to the allegation that he was not licensed to work in the District of Columbia. 240 F.R.D. at 12. In that situation, where the defendant denied knowledge of a fact that should have been patently obvious to him, the court deemed the allegation as admitted. *Id.*

The situation in this case is very different. The defendant here is the District of Columbia and the factual allegations at issue involve a single student in a large school

system. While the Court admonishes the defendant that resort to a denial of information or knowledge sufficient to respond to an allegation "should not be capricious," Wright & Miller § 1262, the Court finds that the Answer here does not evidence bad faith or evasion and declines to strike the Answer or to deem the plaintiffs' allegations as admitted. The administrative record in this case has now been filed, *see* ECF No. 27, and the plaintiffs may request admission of facts as appropriate during discovery pursuant to Federal Rule of Civil Procedure 36. Accordingly, the plaintiffs' motion to treat certain allegations in the Amended Complaint as admitted is denied.

### III.  CONCLUSION

The Court accepts and adopts the Magistrate Judge's Report and Recommendations with the clarifications and modifications explained in this Memorandum Opinion. The defendant's partial motion to dismiss is granted. The Court will dismiss all claims arising prior to the 2006-2007 school year as well as all claims under 42 U.S.C. § 1983 and the Fifth Amendment. Finally, the plaintiffs' motion to treat certain allegations in the Amended Complaint as admitted is denied.

The parties are directed to meet and confer and to file a joint report within twenty days of the issuance of this Memorandum Opinion setting forth a proposed schedule for the resolution of this action, including a briefing schedule for dispositive motions, if appropriate.

An appropriate Order will accompany this Memorandum Opinion.

DATED: December 14, 2011                         /s/ *Beryl A. Howell*
                                                                        BERYL A. HOWELL
                                                                        United States District Judge