**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ANNIE CLAY, et al.,

Plaintiffs,

v.

DISTRICT OF COLUMBIA,

Defendant.

Civil Action No. 09-1612
BAH/DAR

**REPORT AND RECOMMENDATION**

Plaintiff Annie Clay brings this action "[i]n her own right" and on behalf of her granddaughter, A.K., for reversal of a Hearing Officer Determination pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. The determination at issue is the Hearing Officer's dismissal of Plaintiffs' due process complaint without prejudice for Plaintiffs' failure to comply with the notice pleading standards of the Federal Rules of Civil Procedure "and of this forum[.]" Administrative Record (Document No. 27-1) at 5. Plaintiffs commenced a civil action pursuant to 20 U.S.C. § 1415(i)(2)(A).[1]

On January 5, 2012, this action was re-referred to the undersigned United States Magistrate

---

[1] "[A]ny party aggrieved by findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A). Plaintiffs, in their first amended complaint filed in this action, alleged that "Defendant[] violated IDEA and deprived A.K. of [free appropriate public education] FAPE, by denying her the specialized instruction and Speech and Language Therapy that she required in order to learn to read[,]" (Count I); "Defendant[] violated IDEA and denied A.K. FAPE, by failing to monitor her education while she was placed at Rock Creek Academy[,]" (Count II); "Defendant . . . violated IDEA and denied Plaintiffs their due process rights[,]" (Count III); "the Hearing Officer violated IDEA[,]" (Count IV), and "the findings of fact made in the H.O.D. are not supported by evidence in the record; the HOD applied arbitrary and erroneous legal standards in reaching its conclusions of law; and the HOD failed to apply the legal standards presented in IDEA and its implementing regulations[,]" (Count V). Plaintiffs' First Amended Complaint (Document No. 18) at 21-23.

Judge for full case management. Referral to Magistrate Judge (Document No. 38).[2] Now pending for consideration by the undersigned are Plaintiffs' Motion for Summary Judgment (Document No. 41), and Defendant's Cross Motion for Summary Judgment (Document No. 46). Upon careful consideration of Plaintiffs' first amended complaint; the administrative record; the parties' motions; the memoranda in support thereof and opposition thereto, and the entire record herein, the undersigned recommends that both motions be denied, and that this action be remanded for administrative proceedings in accordance with the direction of the Student Hearing Office, Office of Review and Compliance, and the District of Columbia Office of the State Superintendent of Education.

## BACKGROUND

The court (Howell, J.), in a discussion of the background of this case, noted:

> On August 25, 2009, Plaintiff Annie Clay, "[i]n her own right" and on behalf of her granddaughter, commenced this civil action against the District of Columbia to enforce rights under the IDEA and the Fifth Amendment due process cause. Report at 1. The plaintiffs filed an Amended Complaint with leave of court on September 30, 2010. *Id.*; ECF No. 18, Am. Compl. In the Amended Complaint, the plaintiffs "seek reversal of a Hearing Officer's Determination (HOD) issued May 28, 2009, which denied them [their rights under IDEA and the Fifth Amendment] in violation of 20 U.S.C. §§ 1415(b)(6), 1415(b)(7), 1415(c)(2), 1415(f), 1415(h) and the Fifth Amendment." Report at 3. Plaintiffs "seek damages and injunctive relief for Defendant['s] violation of Plaintiff's Fifth Amendment and IDEA rights in violation of 42 U.S.C. § 1983." *Id.* The plaintiffs' Fifth Amendment and

[2] This action previously was referred to the undersigned for determination of Defendant's then-pending Motion for Partial Dismissal of the Amended Complaint (Document No. 19). Referral to Magistrate Judge (Document No. 21). On September 9, 2011, the undersigned recommended that Defendants' Motion for Partial Dismissal of the Amended Complaint be granted, and that "Plaintiffs' Fifth Amendment and Section 1983 claims be dismissed for failure to state a claim upon which relief can be granted." *Clay v. District of Columbia*, 831 F. Supp. 2d 36, 47-55 (D.D.C. 2011) ("Report and Recommendation"), *adopted by Clay v. District of Columbia*, 831 F. Supp. 2d 36 (D.D.C. 2011) ("Memorandum Opinion"). The court, after consideration of Plaintiffs' objections, "accept[ed] and adopt[ed] the Magistrate Judge's recommendation, with clarifications and modifications explained in [the] Memorandum Opinion." Order (Document No. 34) at 1.

> Section 1983 claims are based on allegations that the District violated the plaintiffs' IDEA and due process rights, *inter alia*, because the attorney who represented the District in the IDEA administrative proceeding filed a late and deficient response to the plaintiffs' complaint and a late notice of insufficiency and motion to dismiss, and because the hearing officer dismissed the plaintiffs' complaint at the administrative hearing. Am. Compl. ¶¶ 58-72.

*Clay*, 831 F. Supp. 2d at 38-40. *See also id.* at 48-49 (quoting *Clay v. District of Columbia*, Civil Action No. 09-1612, 2010 WL 3894591, at *1 (D.D.C. September 30, 2010)).

Because the court dismissed "all claims prior to the 2006-2007 school year as well as claims under 42 U.S.C. § 1983 and the Fifth Amendment[,]" the remaining claims are those with respect to the period from the 2006-2007 school year through June, 2008.[3] *See* Order at 1.

**CONTENTIONS OF THE PARTIES**

Plaintiffs, in moving for summary judgment, submit that "[they] never received a hearing on the merits of their complaint," and that "the Hearing Officer, applying an unlawful standard, dismissed Plaintiffs' due process complaint[.]" Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment ("Plaintiffs' Memorandum") (Document No. 41) at 4. More specifically, Plaintiffs submit "(1) that they were improperly denied a hearing on the merits of their due process complaint notice[;] (2) that the administrative process below pervasively violated the procedural safeguards which form the framework of the due process proceeding that is set forth in IDEA[;] (3) that, as a consequence, Plaintiffs were denied their substantive IDEA rights[,] and (4) that the documentary evidence submitted in those proceedings showed that A.K. was denied FAPE and is entitled to compensatory education services." Plaintiffs' Memorandum at 1.

---

[3] *See* n.2, *supra*.

Plaintiffs' motion for summary judgment is accompanied by a "Statement of Material Facts Not in Genuine Dispute[.]" *See* Plaintiffs' Statement of Material Facts Not in Genuine Dispute in Support of Their Motion for Summary Judgment ("Plaintiffs' Statement") (Document No. 41-1).[4] Plaintiffs submit that they filed a due process complaint on March 18, 2009, and that "[t]he Hearing Officer conditioned the setting of a hearing date on Plaintiffs' waiver of their right to an HOD within the 45-day timelines set by IDEA[]" (Plaintiffs' Statement, ¶ 13); that "DCPS received [their] amended due process complaint on April 2, 2009[,]" and "DCPS' April 24, 2009 notice of insufficiency was filed 8 days after the deadline imposed by 20 U.S.C. [§] 1415(c)(2)(C)[]" (*id.,* ¶¶ 14, 19); that "DCPS' April 24, 2009 pleading did not contain the prior written notice information stated in 20 U.S.C. [§] 1415(c)(2)(B)(i)(I)[,]" and "did not 'specifically address' the issues raised in the complaint, as required by 20 U.S.C. [§] 1415(c)(2)(B)(ii)[]" (*id.,* ¶¶ 21, 23); that their substantive IDEA rights, were violated when "[t]he Hearing Officer did not comply with the 20 U.S.C. [§] 1415(c)(2)(D) requirement that she make a written decision of the notice of insufficiency within 5 days of receipt and immediately inform the parties of her decision[]" (*id.,* ¶ 26); that the Hearing Officer erred in dismissing their due process complaint because "[their] due process complaint was sufficient, pursuant to 20 U.S.C. § 1415(c)(2)(A), as of April 18, 2009[]" (*id.,* ¶ 29); and that the "H.O.D. failed to consider relevant facts, omitted relevant facts, failed to accurately state the facts, and its conclusions were not supported by the evidence" (*id.,* ¶ 45), and that "[a]t the hearing[,] DCPS acknowledged that it had failed to provide AK Speech and Language therapy that she was required and that she was due compensatory education services[]" (*id.,* ¶ 36).

[4] *But cf.* LCvR 7(h)(2) ("In such cases [where judicial review is based solely on the administrative record], motions for summary judgment and oppositions thereto shall include a statement of facts with references to the administrative record.").

Finally, Plaintiffs contend that the evidence in the record before the Hearing Officer showed that A.K. was denied a FAPE and is entitled to compensatory education services. More specifically, Plaintiffs proffer that "[a]ll the evidence in the administrative record showed that A.K., because of her Specific Learning Disability in Language, required Speech therapy that focused on phonological awareness skills to learn to read." Plaintiffs' Statement, ¶ 61; *see also id.,* ¶ 62 ("When DCPS transferred AK to Rock Creek Academy, it terminated AK's Speech Therapy.").

Defendant filed a consolidated cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment. Defendant generally states that "the challenged administrative determinations under the [IDEA] were entirely appropriate." Defendant's Cross Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment ("Defendant's Cross Motion") ("Defendant's Opposition") (Document Nos. 46, 47) at 1.

Defendant offers three grounds in support of its motion. First, Defendant argues that the HOD should be upheld because Plaintiffs' due process complaint did not satisfy either the Superior Court pleading standards applicable to administrative cases, or the standards governing IDEA complaints. *See* Memorandum in Support of Defendant's Cross Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment ("Defendant's Memorandum") (Document No. 46) at 13-15. Second, Defendant submits that should the court find that Plaintiffs' administrative due process complaint was sufficient, then this action should be remanded in order to permit Defendant an opportunity to first address the merits of Plaintiffs' complaint at the administrative level. *Id.* at 15-16. Finally, Defendant denies that it committed any procedural violations of IDEA that resulted in any substantive harm to Plaintiff A.K. *Id.* at 16-19.

Defendant's consolidated filing is accompanied by two separate statements. *See*

Defendant's Response to Plaintiffs' Statement of Material Facts ("Defendant's Response") (Document No. 46-1); Defendant's Statement of Material Facts as to Which There is No Genuine Issue ("Defendant's Statement") (Document No. 46-2).[5] In the first of the two statements, Defendant generally submits that "[t]he cited references do not support Plaintiffs' allegations." Defendant's Response, ¶ 1; *see also id.,* ¶¶ 4, 13, 19, 21, 23, 26, 29, 31, 32, 45, 47, 54, 61, 77, 78. More broadly, Defendant denies that it violated any provision of IDEA with respect to Plaintiff A.K. *Id.,* ¶¶ 4, 11-12, 20-23, 35-40.

In the second of the two statements, Defendant identifies the portions of the administrative record which indicate that (1) the amended complaint filed by Plaintiffs on April 2, 2009 included no facts to support the conclusion that Defendant denied Plaintiff A.K. a FAPE during the 2007-2008 school year (Defendant's Statement, ¶¶ 23-27); that an administrative hearing was scheduled for the date to which the parties agreed (*id.,* ¶¶ 36-38); that during the hearing, "Plaintiffs clarified that the time period concerning their claims was from March 19, 2007, to June, 2008[,]" and that the IEP in effect for that period was never challenged (*id.,* ¶¶ 41-44); that although Plaintiffs stated that they were challenging the 2007 IEP, "the Hearing Officer pointed out that Plaintiffs' amended administrative complaint did not include a challenge to the 2007 IEP[]" (*id.,* ¶ 45), and that the Hearing Officer dismissed the case without prejudice, urged Plaintiffs' counsel to re-file it the next day, and promised to expedite consideration of it once it was filed (*id.*, ¶¶ 46-47).

Plaintiffs, in their opposition to Defendant's cross-motion for summary judgment and reply to Defendant's opposition, reiterate the arguments raised in their motion. Additionally, Plaintiffs argue, for the first time that, that "DCPS [f]ailed [t]o [a]ssign [a] [h]earing [o]fficer

---

[5] *See* n.4, *supra*.

[k]nowledgeable [a]bout IDEA." Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Cross-Motion for Summary Judgment ("Plaintiffs' Opposition") (Document No. 49) at 21-22. With respect to Defendant's alternative request that this matter be remanded for further administrative proceedings, Plaintiffs submit that "[t]he Hearing Officer dismissed Plaintiffs' due process complain[t] notice, stating that 'this is the final administrative decision in this matter[,]" and that "there remain no material issues of fact for the Student Hearing Office to decide." Plaintiffs' Opposition at 29-30; *see also* Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Summary Judgment (Document No. 48) at 20-21.

Plaintiffs' opposition to Defendant's cross-motion is accompanied by a statement of facts in genuine dispute. *See* Plaintiffs' Statement of Material Facts in Genuine Dispute in Support of their Opposition to Defendant's Cross-Motion for Summary "Judg[]ment" ("Plaintiffs' Opposition Statement") (Document No. 49-1).[6] Plaintiffs deny that their amended administrative complaint "failed to encompass [the] allegation [that it did not include a challenge to the 2007 IEP][,]'", and that the statements made by the Hearing Officer regarding how the complaint was plead "accurately represent the governing law." Plaintiffs' Opposition Statement, ¶ 45.

Defendant, in its reply, argues that any deficiencies in DCPS' response to Plaintiffs' amended complaint, and the Hearing Officer's untimely ruling with respect to said response, were, at best, procedural violations of IDEA which did not deny A.K. a right to a FAPE. Defendant's Reply to Plaintiffs' Opposition to Defendant's Cross Motion for Summary Judgment (Document No. 53) at 2. Defendant further argues that the May 28, 2009 HOD was timely. *See id.* at 3 ("[T]he Hearing Officer had until June 16, 2009 to issue the HOD – 45 days after the expiration of

---

[6] *See* n.4, *supra.*

the 30-day resolution period.”). With respect to the pleading requirements applicable to an administrative complaint filed in an IDEA case, Defendant maintains that “an IDEA complaint should contain enough factual information to put Defendant on notice of any alleged wrongdoing, which Plaintiffs’ Amended Complaint failed to do.” *Id.* at 4. Defendant reiterated its alternative request that this matter be remanded for further administrative proceedings should the court determine that Plaintiffs’ administrative complaint was sufficient. *See id.* at 6 (“[I]f this Court believes that Plaintiffs’ Amended Complaint is legally sufficient, the Court should remand this action for a full hearing on the merits before an administrative hearing officer.”).

## APPLICABLE STANDARDS

### *Individuals with Disabilities Education Act (“IDEA”)*

“Congress enacted the IDEA ‘to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living.’” *Henry v. District of Columbia*, 750 F. Supp. 2d 94, 96 (D.D.C. 2010) (quoting 20 U.S.C. § 1400(d)(1)(A)). “A free appropriate public education entitles ‘each child with a disability’ to an ‘individualized education program’ that is tailored to meet his or her unique needs.” *Id.* (quoting 20 U.S.C. §§ 1414(d)(1)(A)-(2)(A)).

“When reviewing an administrative decision made under the IDEA, a district court ‘(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.” *Johnson v. District of Columbia*, Civil Action No. 11-0894, 2012 WL 2775028, at *2 (D.D.C. July 10, 2012) (quoting 20 U.S.C. § 1415(i)(2)(C))

(citation omitted); *see also Henry*, 750 F. Supp. 2d at 97. "Moreover, the party challenging the decision 'must at least take on the burden of persuading the court that the hearing officer was wrong.'" *Id.* (quoting *Reid ex rel. Reid v. District of Columbia*, 401 F.3d 516, 521 (D.C. Cir. 2005)).

***Remand of IDEA cases***

No provision of the Individuals With Disabilities Education Act expressly provides for the remand of a matter for further administrative proceedings. "While 'the Court has the authority to undertake its own review of the record . . . and issue judgment in the case,' . . . 'the district court may determine that the appropriate relief is a remand to the hearing officer for further proceedings[.]'" *Henry,* 750 F. Supp. 2d at 99 (citations omitted). Remand is regarded as an appropriate exercise of the court's discretion where the record of the administrative proceedings is insufficient to allow for judicial review in accordance with the applicable deferential standard. *Banks v. District of Columbia,* 720 F. Supp. 2d 83, 92 (D.D.C. 2010) (remand to the hearing officer for further determinations ordered where the administrative record "is insufficient to determine whether [the plaintiff] was denied a free and appropriate public education" by the challenged actions of District of Columbia Public Schools); *see also Wilson v. District of Columbia*, 770 F. Supp. 2d 270, 277 (D.D.C. 2011) (where the administrative record "lacks sufficient information for [the court] to make an informed decision" with respect to an award of compensatory education, remand or additional fact-finding is necessary) (citations omitted); *Walker v. District of Columbia,* 786 F. Supp. 2d 232, 239 (D.D.C. 2011) ("Where the record does not allow for [a fact-specific exercise of discretion], remand or additional fact-finding is necessary.") (citations and internal quotations omitted); *Stanton v. District of Columbia,* 680 F.

Supp. 2d 201, 208 (D.D.C. 2010) (remand warranted where "the administrative record is 'absent[t] of pertinent findings.'") (citation omitted).

The undersigned, in a discussion of earlier authorities standing for the same proposition, observed that common to such authorities "was a determination that the Hearing Officer's Decision provided an incomplete basis for review by the court in accordance with IDEA, and recognition of 'the admonition that reviewing courts not substitute their assessment of the evidence for that of hearing officers[.]'" *Options Public Charter School v. Howe,* 512 F. Supp. 2d 55, 57 (D.D.C. 2007) (citations omitted); *see also Taylor v. District of Columbia,* 770 F. Supp. 2d 105, 110-11 (D.D.C. 2011) (case remanded to the hearing officer for consideration of the plaintiff's new evidence, concluding that "the hearing officer should be permitted, in the first instance, to conduct the 'fact-specific exercise of discretion' anticipated by the IDEA.") (citations omitted). Thus, another judge of this court recently recognized that

> particularly because the relief plaintiff has requested is the deletion of a significant portion of the hearing officer's order, and recognizing that the hearing officer is better equipped to issue a revised order in compliance with the IDEA that will ensure that [plaintiff] has a free appropriate public education designed to meet her unique needs, the Court will **REMAND** the matter to the hearing officer rather than substitute its own judgment for that of the hearing officer.

*District of Columbia v. Nelson,* 811 F. Supp. 2d 508, 512 (D.D.C. 2011).

**DISCUSSION**

The undersigned finds that the remand of this case for further administrative proceedings is the only remedy by which to ensure that a hearing officer will have the opportunity, in the first

instance, to address the merits of Plaintiffs' claim that A.K. was denied a FAPE.[7] The undersigned indeed could address the issue of whether or not Plaintiffs' amended administrative complaint conformed to the requirements of the Federal Rules of Civil Procedure and the administrative forum; however, the undersigned finds that it is a hearing officer of the administrative forum who is best able to determine whether the administrative complaint conformed to the requirements of that forum, and if not, what further opportunities may be accorded, consistent with the rules of that forum, for Plaintiffs to file a complaint which conforms to the requirements of that forum.

Moreover, were the undersigned, or the assigned United States District Judge, to determine that the Hearing Officer erred in dismissing Plaintiffs' amended administrative complaint, consideration of whether A.K. was denied FAPE would not be advanced: that issue has not been addressed in any administrative hearing, and thus there are no findings with respect to that issue on which to predicate judicial review. Indeed, even in instances in which a hearing officer determined that a student was denied a FAPE, judges of this court have regarded remand as an appropriate exercise of discretion where the record did not reflect consideration of the nature and extent of the compensatory education – if any – the law required. *See, e.g., Wilson,* 770 F. Supp. 2d at 277 (remand, or additional fact-finding, necessary where "the record lacks sufficient information for [the court] to make an informed decision as to the proper amount, if any, of compensatory education to which [the student] is entitled.").

Finally, the undersigned observes that while Plaintiffs state that they oppose a remand of this case for further administrative proceedings, they fail to identify any prejudice or other harm

---

[7] Such remedy will also ensure that A.K. "would not be prejudiced by the failings of her counsel." Administrative Record (Document No. 27-1) at 8.

which would arise as a consequence of a remand; nor do they suggest that the courts lacks discretion to order such relief.[8]

**CONCLUSION**

For all the foregoing reasons, it is, this 28th day of August, 2012,

**RECOMMENDED** that Plaintiffs' Motion for Summary Judgment (Document No. 41) be **DENIED**; and it is

**FURTHER RECOMMENDED** that Defendant's Cross Motion for Summary Judgment (Document No. 46) be **DENIED**, and it is

**FURTHER RECOMMENDED** that this action be **REMANDED** to the Student Hearing Office, Office of Review and Compliance, Office of the State Superintendent of Education, in accordance with the rules of that forum.[9]

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

**Within fourteen days, either side may file written objections to this report and recommendation. The objections shall specifically identify the portions of the findings and recommendations to which objection is made, and the basis of the objection. In the absence of timely objections, further review of the issues addressed herein may be deemed waived.**

---

8 *See* Plaintiffs' Opposition 20-21; Plaintiffs' Reply at 20-21.

9 "The Hearing Officer . . . informed Petitioner that she would be free to file another complaint that complies with the rules of notice pleading the very next day, and that this Hearing Officer would attempt to expedite the hearing so that the Student would not be prejudiced by the failings of her counsel." Administrative Record (Document No. 27-1) at 8. For that reason, the undersigned contemplates that the Hearing Officer will enter an order providing, *inter alia*, for a deadline by which Plaintiffs shall do so. Because the Hearing Officer already indicated that consideration of any amended complaint, the undersigned has no occasion to suggest that the Hearing Officer be ordered to do so.